UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>JAMES COLBY JOHNSON,<br><br>    Defendant. | CRIMINAL NO. 7:17-1-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant James Colby Johnson's motion to dismiss (DE 281) the indictment in this matter and also his motion (DE 282) for relief under the First Step Act and under Amendment 782 to the United States Sentencing Guidelines.

Johnson pleaded guilty to conspiring to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. § 846. By judgment dated March 19, 2018, the Court sentenced him to 120 months in prison. The Court found that the amount of crack cocaine attributable to Johnson for sentencing purposes was more than 196 grams but less than 280. Because he had a prior serious drug felony conviction, the 10-year sentence was his mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii).

As to the motion to dismiss, Johnson argues that the indictment is invalid because it is not signed by the grand jury foreperson. This motion must be denied for two reasons. First, the indictment was signed by the grand jury foreperson. To protect the privacy of the grand jury, the name of the foreperson is redacted from the copy of the indictment available

to the public. (DE 8, Indictment; DE 8-1, Unredacted Indictment.) Second, the motion is too late. Motions to dismiss an indictment that claim a defect in the indictment must be filed before trial if the basis for the motion was reasonably available then. Fed. R. Crim. P. 12(b)(b)(B).

As to Johnson's motion (DE 282) for relief under Amendment 782 to the United States Sentencing Guidelines, the amendment reduced by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. Amendment 782 took effect on November 1, 2014. The Court sentenced Johnson on March 19, 2018, which was long after Amendment 782 became effective. Accordingly, he was sentenced under the amended guidelines.

As to Johnson's request for relief under the First Step Act, it became effective on December 21, 2018, which was after Johnson was sentenced, but he had already received the benefits of its sentencing amendments.

Section 404 of the First Step Act permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010. Pub. L. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act increased the amount of crack cocaine required to trigger mandatory minimum sentences. It became effective August 3, 2010, however, which was years before Johnson was sentenced. Thus, Johnson received the benefits of the Fair Sentencing Act when he was sentenced. Had he been sentenced before the Fair Sentencing Act became effective, he would have been subject to a 20-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective April 15, 2009 to August 2, 2010).

For all these reasons, the Court hereby ORDERS that Johnson's motion to dismiss (DE 281) the indictment in this matter and his motion (DE 282) for relief under the First

Step Act and under Amendment 782 to the United States Sentencing Guidelines are DENIED.

Dated October 07, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY