UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 7:17-1-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **JAMES COLBY JOHNSON,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

Defendant James Johnson moves (DE 322) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Johnson pleaded guilty to conspiring to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. § 846. By judgment dated March 19, 2018, the Court sentenced him to 120 months in prison. The Court found that the amount of crack cocaine attributable to Johnson for sentencing purposes was more than 196 grams but less than 280. Because he had a prior serious drug felony conviction, the 10-year sentence was his mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii). He is currently incarcerated at FCI Coleman (Low), and his projected release date is October 31, 2025.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for

compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. The government concedes that Johnson waited 30 days after requesting compassionate release from the warden before filing this motion. Accordingly, the Court may consider the motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to

determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

Johnson asserts that he suffers from prostate cancer. His medical records indicate that he has been diagnosed with prostate cancer and testicular microlithiasis. The medical records further indicate that his cancer is in remission and that his medical conditions have been treated and are being monitored. While Johnson asserts that, due to COVID, medical personnel are no longer treating his medical conditions, his medical records indicate that he was seen by medical staff as recently as January 25, 2021. (DE 328, Medical Records.) Further, FCI Coleman appears to be managing the spread of COVID-19 among staff and inmates. The Court does not find that these circumstances are so extraordinary and compelling that they warrant Johnson's release from prison.

Even assuming extraordinary and compelling circumstances existed, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Johnson's sentencing and has reconsidered them for this motion. Johnson was convicted of a serious drug offense. He had a criminal history that included a prior felony drug conviction. The Court sentenced him below the applicable guidelines range, imposing the minimum sentence that it could impose by statute. He has served less than 40 percent of the sentence. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Johnson's sentencing, it is not appropriate to order his release at this time.

Accordingly, the Court **HEREBY ORDERS** as follows:

1) Johnson's motion for compassionate release (DE 322) is DENIED and

2) the government's motion to seal records (DE 327) is GRANTED and the Clerk of the Court SHALL MAINTAIN UNDER SEAL the documents filed at DE 328.

Dated February 12, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY